IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CAMILA GASKEY,

Plaintiff,

v.

HON. JUDGE MARK A. JUHAS,

Defendant.

Civ. No. 6:25-cv-00401-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

This case comes before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 9. For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

Plaintiff Camila Gaskey seeks to enjoin an ongoing California state court child custody case presided over by Defendant Hon. Judge Mark A. Juhas.

"In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the

plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, the Court has reviewed Plaintiff's submissions and concludes that Plaintiff has not met the standard for the extraordinary remedy of an TRO. As set forth in the contemporaneously issued Opinion & Order on Plaintiff's IFP Petition, Defendant Judge Juhas is entitled to absolute judicial immunity for the acts alleged in the Complaint. Plaintiff cannot, therefore, demonstrate a likelihood of success or even serious questions going to the merits of her claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 9, is DENIED.

It is so ORDERED and DATED this ___3rd_____ day of April 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge