IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| CAMILA GASKEY, | Civ. No. 6:25-cv-00401-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| HON. JUDGE MARK A. JUHAS, |  |
| Defendant. |  |

AIKEN, District Judge.

*Pro Se* Plaintiff Camila Gaskey seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED. However, the Complaint, ECF No. 2, is DISMISSED with prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is DENIED.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 1, and the petition will be GRANTED.

In the Complaint, Plaintiff alleges that Defendant Hon. Judge Mark A. Juhas is a California state court judge presiding over a child custody case involving Plaintiff. Judge Juhas has issued a series of rulings adverse to Plaintiff, which Plaintiff asserts are a violation of her constitutional and habeas corpus rights.

This action is brought against a state court judge. "Judges are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief sought as a result of judicial acts performed in their judicial capacity." *Rote v. Comm. on Judicial Conduct and Disability*, 577 F. Supp.3d 1106, 1126 (D. Or. 2021). Judicial immunity is an immunity from suit, not just the award of damages and it "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). To qualify for judicial immunity, a judge must have performed judicial acts within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge

in his judicial capacity." *Rote*, 577 F. Supp.3d at 1126 (internal quotation marks and citation omitted). Judges have "absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

The allegations in this case establish that Judge Juhas is a California state court judge who is presiding over a case in which Plaintiff is a party. The acts that form the basis of Plaintiff's claims are plainly judicial in nature. On the face of the Complaint, Judge Juhas is entitled to absolute immunity for the claims against him. The Complaint will therefore be dismissed. Because no amendment would remedy the defects in the Complaint, dismissal is with prejudice and without leave to amend. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is DENIED as MOOT.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED and the Complaint, ECF No. 2, is DISMISSED with prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 4, is DENIED as MOOT. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___3rd___ day of April 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge